IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN CROISSANT ) | |
| ) | |
| Plaintiff, ) | No. 25 C 4772 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Carolyn Croissant filed a one-count complaint against Jeremy Love in the Circuit Court of DuPage County, Illinois alleging that she was injured by negligent operation of a motor vehicle. That case was removed to this court on May 1, 2025. Defendant United States of America moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6). (Doc. 6). For the reasons below, the motion to dismiss is granted.

**BACKGROUND**

This is a case about a car collision.[1] Plaintiff alleges that on May 20, 2024, she was walking westbound through a crosswalk in Warrenville, Illinois, and that while she was in the crosswalk, Jeremy Love ("Love") struck her with his vehicle. As a result of the collision, plaintiff sustained unspecified injuries. Plaintiff alleges that the collision occurred because of

---

[1] The court takes the facts from plaintiff's complaint. See Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015) (explaining that when "evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use Twombly–Iqbal's 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)"); Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011) (explaining that at the motion to dismiss stage, "the court must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor").

1

Love's negligent acts or omissions.

Unbeknownst to plaintiff, Love was acting within the scope of his employment as an employee of the Department of Energy ("DOE") at the time of the collision, thus requiring the United States to be the named defendant in this action. Plaintiff has not yet sought redress through an administrative process.

**DISCUSSION**

The Federal Tort Claims Act ("FTCA") provides that an "'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). The United States' argument basically boils down to this: plaintiff has failed to pursue, no less exhaust, administrative remedies, and thus the FTCA precludes her from instituting an action against the United States.

Plaintiff responds that she did not know, or have reason to know, that Love was acting within the scope of his employment with the DOE at the time of the collision. Plaintiff points out that neither Love, his private counsel, nor the United States informed plaintiff of this fact for the nearly seven months that this case was litigated in the Circuit Court of DuPage County. According to plaintiff, the first time that she was informed of Love's status as a DOE employee was when the case was removed. Plaintiff argues that she had no opportunity to pursue an administrative remedy because the relevant information was withheld from her.

The court is sympathetic to plaintiff. Of course, plaintiff could not pursue an administrative remedy without the knowledge that Love was an employee of DOE acting within

2

the scope of his employment at the time of the collision. Nevertheless, dismissal under §2675(a) is mandatory because plaintiff has not exhausted her administrative remedies. Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003) (explaining that "plaintiff's failure to exhaust administrative remedies before he brings suit mandates dismissal") (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Plaintiff requests in the alternative that the court either hold the case in abeyance or dismiss the complaint without prejudice. Plaintiff argues that these alternative remedies are equitable considering the nearly one-year delay from the time of the collision to her being informed of Love's status as an employee of the DOE acting within the scope of his employment. The United States replies that plaintiff has not shown that she has been or will be prejudiced by any delay while she seeks an administrative remedy but agrees that any dismissal should be without prejudice.

The court will dismiss the case without prejudice to ensure that plaintiff retains the ability to pursue a judicial remedy if an administrative remedy is not forthcoming. The statute of limitations for personal injury in Illinois is 2 years. 735 ILCS 5/13-202. Plaintiff's cause of action allegedly accrued when the collision occurred on May 20, 2024. At the time of the issuance of this order, plaintiff has more than 10 months remaining before the statute of limitations elapses in May of 2026. In addition, the FTCA specifies that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Therefore, so long as plaintiff promptly files an administrative claim, she will not be prejudiced by the one-year delay in being notified about Love's status as an employee of the United States. If her claim is denied (or she does not receive a final

disposition of her claim within the six-month window provided by the FTCA), then plaintiff will still have approximately 4 months remaining to refile a claim in federal court before the statute of limitations elapses.

## CONCLUSION

For the above reasons, the motion to dismiss (Doc. 6) is granted. The case is dismissed without prejudice.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE: July 2, 2025**

4